Case 4:23-cv-00406   Document 20   Filed on 08/29/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHANEL, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Case No. 4:23-cv-00406 |
| § | |
| **MORITA SIMONSON,** § | |
| § | |
| Defendant. § | |

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Before the Court is plaintiff Chanel, Inc.'s Motion for Entry of a Final Default Judgment and Permanent Injunction against Defendant [Morita Simonson a/k/a Mori Simonson and d/b/a Too Chic & Cute ("Defendant")], and Memorandum of Law in Support ("Motion"). Having considered the Motion, the declarations and other evidence submitted in support, and the other pleadings and papers on file in this action, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff Chanel, Inc. ("Chanel" or "Plaintiff") is engaged in the business of manufacturing, distributing, and selling throughout the world, including within this District, high-quality products including earrings, necklaces, bracelets, rings, and hats, which prominently feature the following iconic Chanel trademarks ("Chanel Marks" or "Marks"):

1

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 1,177,400 | November 10, 1981 | IC 025 – Including hats |
| [CC logo] | 4,241,822 | November 13, 2012 | IC 025 - Including hats |
| [CC logo] | 1,501,898 | August 30, 1988 | IC 014 - Costume Jewelry; IC 026 – Including brooches |

2. Chanel owns all rights to the Chanel Marks, which are symbols of Chanel's quality, reputation, and goodwill; are distinctive; have never been abandoned; and are incontestable pursuant to 15 U.S.C. § 1065.

3. Chanel has expended substantial resources developing and promoting these Marks; has used them continuously, exclusively, and extensively in interstate commerce throughout the United States and globally in association with its high-quality goods; and has carefully monitored and policed their use.

4. Consumers readily identify products bearing the Chanel Marks as quality merchandise that is sponsored and approved by Chanel.

5. The Chanel Marks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1) and have achieved secondary meaning as identifiers of Chanel's high-quality goods.

6. Chanel has never authorized or consented to the Defendant's use of the Chanel Marks, which began long after the Marks became famous.

7.  From at least 3 storefronts including 2 within this District, Defendant offered for sale and sold at least 5 types of goods – namely, hats and costume jewelry, including earrings, necklaces, bracelets, and rings – bearing counterfeits of 3 federally registered Chanel trademarks. Specifically, Defendant used counterfeits of these Chanel Marks in the following manner: (1) [CC logo] [Registration No. 1,501,898] to sell 4 types of goods – earrings, necklaces, bracelets, and rings; (2) CHANEL [Registration No. 1,177,400] to sell 1 type of goods – hats; and (3) [CC logo] [Registration No. 4,241,822] to sell 1 type of goods – hats.

8.  Defendant's use of marks that are identical to or substantially indistinguishable from the Chanel Marks in the manner described above creates a likelihood confusion as to source, affiliation, or sponsorship.

9.  Defendant's use of marks that are identical to or substantially indistinguishable from the Chanel Marks in the manner described above tarnishes Chanel's reputation and diminishes the value of the Chanel Marks as indicators of the high-quality goods that consumers have come to expect from Chanel.

10. Defendant received cease and desist letters from Chanel on August 4, 2022 and October 5, 2022, as well as a verbal and multiple email demands from Chanel to stop selling counterfeit Chanel merchandise, but Defendant continued to do so.

11. Defendant's unlawful counterfeiting and infringement of the Chanel Marks was done knowingly, intentionally, maliciously, and willfully.

12. On February 3, 2023, Chanel filed this action against Defendants for

offering for sale and selling counterfeit Chanel merchandise in violation of 15 U.S.C. § 1114 [federal trademark counterfeiting and infringement], 15 U.S.C. § 1125(a)(1)(A) [false designations of origin], 15 U.S.C. § 1125(c) [federal trademark dilution], and trademark infringement under Texas common law.

13. On February 24, 2023, Defendant was duly served with the Summons, Plaintiff's Original Complaint ("Complaint"), and other documents relating to this case.

14. Defendant failed to answer or otherwise defend against Chanel's claims in this action, as required by law. Accordingly, the Clerk of this Court duly entered default against Defendant on April 18, 2024.

15. There is no evidence of any material issues of fact.

16. Default judgment is harsh, but not unduly harsh given Defendant knowingly chose to ignore this suit despite being properly served with process and advised by Chanel's counsel that Chanel would seek entry of default and a default judgment if the parties' dispute wasn't resolved and Defendant did not file an answer or motion under Rule 12 of the Federal Rules of Civil Procedure with the Court.

17. There is no evidence Defendant's default was caused by good faith mistake or excusable neglect, and the Court sees no reason it would later be obliged to set the default aside.

18. There is no evidence that entry of a default judgment will substantially prejudice Defendant who knowingly chose to ignore this action, whereas Defendant's default substantially prejudiced Chanel's efforts to maintain and protect the value of its Marks by eliminating Chanel's ability to conduct discovery to identify the sources and

extent of Defendant's infringing goods and activities.

19. Chanel will continue to suffer irreparable harm unless Defendant is permanently enjoined from infringing Plaintiff's Chanel Marks.

20. There's no evidence that monetary damages alone will prevent Defendant's future infringement of the Chanel Marks.

21. There is no evidence that Defendant will experience any hardship by being enjoined from infringing the Chanel Marks.

22. Chanel will experience extreme hardship if Defendant is not enjoined from infringing the Chanel Marks.

23. The public interest is served by enjoining Defendant's infringement of the Chanel Marks.

24. Defendant is not an infant, incompetent, or a service member in any branch of the United States military.

25. By virtue of Defendant's default, a determination of Defendant's actual profits and the actual damage to Chanel in this case is impossible to compute.

26. Chanel elected to recovery statutory damages for its trademark counterfeiting claims pursuant to 15 U.S.C. §1117(c).

27. The Court finds that an award of $90,000.00 in statutory damages pursuant to 15 U.S.C. §1117(c) is fair and reasonable under the facts and circumstances presented in this case to achieve the statutory goals of compensation, punishment, and deterrence.

28. The Court finds that this is an exceptional case under 15 U.S.C. § 1117(a), and that no "extenuating circumstances" exist as that term is used under 15 U.S.C. §

1117(b).

29. The Court finds that exceptional circumstances exist to justify Chanel's use of a private process server to serve Defendant with process and that the cost of this server was reasonable and necessary to bring Defendant before this Court.

30. Chanel has incurred reasonable attorney's fees in the sum of $26,911.50 and reasonable costs in the sum of $554.52 in prosecuting its claims against Defendant. These fees and costs were necessary for the representation of Chanel.

31. If any of these findings of fact are found to be conclusions of law, they shall be considered to have been included in the conclusions of law below.

## Conclusions of Law

1. This Court has jurisdiction over the subject matter of this action.

2. Venue is proper in this Judicial District.

3. Defendant is subject to the jurisdiction of this Court.

4. Default Judgment against Defendant and in favor of Chanel is procedurally appropriate and is supported by Chanel's well-pleaded allegations and evidence submitted in support.

5. As a result of Defendant's default in this action, Defendant is deemed to have admitted the well-pleaded factual allegations in Plaintiff's Original Complaint ("Complaint"). U.S. v. Shipco General Inc., 814 F.2d 1011, 1014 (5th Cir. 1987). As such, Chanel's well-pleaded factual allegations, together with the evidence submitted in support of Chanel's Motion, present colorable claims of, and establish Defendant's liability to Chanel for (1) federal trademark counterfeiting and infringement in violation

of 15 U.S.C. § 1114; (2) false designations of origin in violation of 15 U.S.C. § 1125(a)(1)(A); (3) federal trademark dilution in violation of 15 U.S.C. § 1125(c); and (4) trademark infringement under Texas common law.

6. Chanel is entitled to a permanent injunction to prevent any future trademark infringement by Defendant pursuant to 15 U.S.C. § 1116. See, e.g., eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

7. Chanel is entitled to an award of statutory damages under 15 U.S.C. § 1117(c) for Defendant's willful counterfeiting of the Chanel Marks to compensate Chanel, punish Defendant for her willful violations, and deter Defendant and other counterfeiters. See, e.g., Petmed Express, Inc. v. Medpets.com, Inc., 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004).

8. Chanel is entitled to recover its reasonable attorney's fees pursuant to both 15 U.S.C. § 1117(a) and (b). See, e.g., Schotzky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co., Inc., 520 F.3d 393, 402 (5th Cir. 2008); Dunkin' Donuts Inc. v. Mercantile Ventures, No. 93-8270, 1994 WL 93257, *2 (5th Cir. March 7, 1994); Rolex Watch USA, Inc. v. Meece, 158 F.3d 816, 824 (5th Cir. 1998).

9. Chanel is entitled to recover its reasonable costs incurred in prosecuting its claims against Defendant under 15 U.S.C. § 1117(a) and Rule 54(d) of the Federal Rules of Civil Procedure, including the $402.00 fee for filing its Complaint with the Clerk and $152.52 fee for a private process server to serve Defendant with process.

10. If any of these conclusions of law are found to be findings of fact, they shall be considered to have been included in the findings of fact above.

Based upon the findings of fact and conclusions of law set forth above, the Court concludes that Plaintiff's Motion should be granted, and it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant and her officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of this Final Default Judgment and Permanent Injunction by personal service or otherwise, are hereby permanently restrained and enjoined from engaging in any of the following acts or omissions:

   (1) manufacturing or causing to be manufactured, importing, advertising, promoting, distributing, offering to sell, or selling any goods, including but not limited to, earrings, necklaces, bracelets, rings, and hats, which bear the Chanel Marks;

   (2) infringing, counterfeiting, diluting or tarnishing the Chanel Marks;

   (3) using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods;

   (4) using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel;

   (5) falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or purchasing public to believe any goods or services of the Defendant is in any way endorsed by, approved by, and/or associated with Chanel;

   (6) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, earrings, necklaces, bracelets, rings, and hats;

(7) affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant's goods as being those of Chanel, or that such goods are in any way endorsed by Chanel, and from offering such goods in commerce; and

(8) otherwise unfairly competing with Chanel.

2. Chanel shall recover from Defendant $90,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c).

3. Chanel shall also recover from Defendant its (1) reasonable attorney's fees in the sum of $26,911.50; and (2) reasonable costs in the sum of $554.52.

4. In accordance with 28 U.S.C. § 1961, all monetary amounts awarded in this judgment shall accrue post-judgment interest at the applicable federal rate from the date of this judgment until it is paid in full.

5. Because Defendant willfully and maliciously engaged in the illegal counterfeiting of Plaintiff's Chanel Marks, the monetary amounts awarded in this judgment constitute non-dischargeable debts under 11 U.S.C. § 523(a)(6).

6. Chanel may serve Defendant with this judgment, or any motion to enforce it, by sending a copy of the judgment or motion by U.S. mail to Defendant's last known address: 29202 Sedgefield Street, Spring, Texas 77386.

7. The Court retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing this judgment.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on August 28, 2024

_____
Hon. Charles Eskridge
United States District Judge